**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DANIEL CLARK, #287732,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1739-D** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of murder in the 40th Judicial District Court of Ellis County, Texas, in Cause No. 26,874-CR. (Petition (Pet.) at 2). On May 16, 2003, the trial court assessed punishment at life imprisonment. (*Id.*). The Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Clark,* No.

10-03-00268-CR (Tex. App. -- Waco Apr. 20, 2005, no pet.).[1]  Although Petitioner was granted

an extension until July 19, 2005, to file his petition for discretionary review (PDR), he failed to

file the same.  *See* Case information for No. PD-0846-05, www.cca.courts.state.tx.us/opinions

/Case.asp?FilingID=235670 (Docket Sheet information generated from the Texas Judiciary

Online – Court of Criminal Appeals, Sept. 27, 2006).[2]

      Thereafter, on September 22, 2006, Petitioner filed the instant federal petition for writ of

habeas corpus.  (Pet. at 1).  In five grounds of error, he asserts denial of the right to a direct

appeal, denial of counsel on direct appeal, unlawful jurisdiction, unlawful indictment, and denial

of right to an examining trial.[3]  (*Id.* at 7).

      <u>Findings and Conclusions</u>:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  <u>See</u> 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of

the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see*

*also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are

permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas

---

[1]     The docket sheet for Petitioner's direct appeal is available at
http://www.10thcoa.courts.state.tx.us/opinions/case.asp?FilingID=6919.

[2]     The Clerk of the Texas Court of Criminal Appeals informed this Court
telephonically that Petitioner was granted until July 19, 2005, to file a PDR, and provided that no
further extensions would be entertained.  Petitioner concedes as much in his federal petition.
(Pet. at 3 ¶ 9).

[3]     For purposes of this recommendation, the petition is deemed filed on September
14, 2006, the date Petitioner signed the same and placed it in the prison mail.  *See Spotville v.*
*Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for
determining application of the AEDPA when the prisoner tenders it to prison officials for
mailing).

petition in process issued cases).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

The conviction became final at the latest on July 19, 2005, the last day on which Petitioner could have filed a PDR with the Texas Court of Criminal Appeals according to the

---

[4]      On September 28, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds.  Petitioner filed his response to the Court's show cause order on November 3, 2006.

order of extension of the Texas Court of Criminal Appeals.  The one-year period began to run on

July 20, 2005, the day after Petitioner's conviction became final, and expired on July 19, 2006.

*See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  Since, Petitioner did not file a state

habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, he is not entitled to

statutory tolling under 28 U.S.C. § 2244(d)(2).  *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th

Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  Therefore, his federal petition,

deemed filed on September 14, 2006, is time barred unless the one-year statute of limitations is

tolled on equitable grounds.

In response to the Court's order to show cause, Petitioner contends the court of appeals

issued a mandate in his direct appeal on September 19, 2005, less than one year before he mailed

his federal petition.  (Pet's Response to show Cause Order at 3-7).  The mandate date does not

control the limitation analysis in this case.  The Fifth Circuit has held that issuance of a mandate

does not determine when a conviction becomes final for purposes of the AEDPA one-year

limitation period.  *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

Insofar as Petitioner relies on equitable tolling, his claim fares no better.  Equitable

tolling is available only in "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d

806, 810-11 (5th Cir. 1998).  "[N]either a plaintiff's unfamiliarity with the legal process nor his

lack of representation during the applicable filing period merits equitable tolling."  *Turner v.

Johnson*, 177 F.3d  390, 392 (5th Cir. 1999).  Moreover, Petitioner's own allegations reflect that

he did not pursue "the process with diligence and alacrity."  *Phillips v. Donnelly*, 216 F.3d 508,

511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).

Petitioner did not file a state habeas application, and delayed the mailing of his federal

petition by fifty seven days following the expiration of the one-year period.  He provides no explanation for the delay in filing his federal petition.  Such unexplained delay does not make the circumstances of this case extraordinary enough to qualify for equitable tolling.  "[E]quity is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

 For the foregoing reasons it is recommended that the District Court DISMISS with prejudice the petition for writ of habeas corpus as barred by the one-year limitations period.  *See* 28 U.S.C. § 2244(d).

 It is further recommended that the Petitioner's motion to hold in abeyance, filed on September 22, 2006, (Docket # 2) and his motion for order directing the Clerk to serve copy of the petition upon Respondent, filed on November 8, 2006, (Docket #8) be DENIED as moot.

 The Clerk will transmit a copy of this recommendation to Petitioner.

 Signed this 20th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

 In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and

conclusions of law accepted by the district court.